**Arnold HAJE et al., Plaintiffs-Appellants,**

v.

**Robert E. HAMPTON, Chairman, et al., Defendants-Appellees.**

**No. 420, Docket 76–6102.**

United States Court of Appeals, Second Circuit.

Argued Jan. 20, 1977.

Decided Feb. 7, 1977.

Sam Resnicoff, New York City (Sam Resnicoff and Murray A. Gordon, P. C., New York City, on the brief), for plaintiffs-appellants.

Constance M. Vecellio, Asst. U.S. Atty., Brooklyn, N.Y. (David G. Trager, U.S. Atty., Eastern District of New York, Alvin A. Schall, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for defendants-appellees.

Before LUMBARD and FEINBERG, Circuit Judges, and COFFRIN, District Judge.*

PER CURIAM:

This case concerns the legality of a personnel policy adopted by the Federal Aviation Administration ("FAA"), that requires lower-level air traffic control specialists to qualify for promotion or face possible dismissal from the civil service. The United States District Court for the Eastern Dis-

* Of the United States District Court for the District of Vermont, sitting by designation.

trict of New York, Mark A. Costantino, J., granted summary judgment in favor of the FAA, and for the reasons set forth below we affirm.

The facts are undisputed. The FAA hired appellants Thomas Bevilacque, Arnold Haje, Louis C. Resler, and John J. Shannon during late 1969 and 1970 as air traffic control specialists, grade GS–7. Each was promoted to GS–9 during 1971. Appellant Warren C. McDowell was hired as a GS–6 air traffic control specialist in 1968. The FAA promoted him in 1968 and 1969, and in 1970 he reached grade GS–11. All five appellants worked at the FAA facility at Ronkonkomo, New York. The FAA selected them, apparently without improper motive, to attend training courses to learn skills necessary for the next higher position. After training, all five failed tests for the higher posts, and the FAA dismissed them in 1972.

Appellants' sole claim is that they held tenured civil service positions and could be terminated only for misconduct or neglect of duty. Without disagreeing, the FAA argues that appellants' duties included learning the skills for the next higher post. The job description for each grade of air traffic control specialist involved here stated: "Incumbents of this position who fail to meet the requirements for or to accept promotion to the next higher nonsupervisory grade level may be reassigned, demoted or separated from employment." The FAA acknowledges the extraordinary nature of this requirement, but points out that since the agency is the sole civilian employer of air traffic controllers, it must train its own personnel. To assure a continuous supply of qualified air traffic controllers, the FAA has made it a part of the lower-level specialist's job to learn the skills required for the next higher level.

We agree with the Court of Claims that this situation is highly "unusual," *Sullivan v. United States,* 416 F.2d 1277, 1283, 189 Ct.Cl. 191 (1969), and that under the circumstances the FAA requirement is entirely appropriate. The paramount need to ensure the safety of the flying public demands well-trained air traffic controllers. Without a forced advancement system, there might not be room at the lower grades for persons willing and able to qualify for the essential high level positions. Moreover, while the loss of their jobs is unfortunate, appellants were not treated unfairly. Each received explicit notice that if he accepted the position he could be required to gain additional expertise or be subject to dismissal.

Judgment affirmed.